**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Salvador CHAVEZ–RIVERA,
Defendant—Appellant.**

**No. 07–50006.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 18, 2008.

Mark R. Rehe, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Holly Sullivan, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Salvador Chavez–Rivera appeals from the 60–month sentence for illegal reentry in violation of 8 U.S.C. § 1326, imposed upon resentencing following remand pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Chavez–Rivera contends that failure to allege the date of removal in his indictment constituted structural error. This contention is foreclosed by *United States v. Salazar–Lopez,* 506 F.3d 748, 752–55 (9th Cir.2007). We conclude that the error was harmless in light of overwhelming and uncontroverted evidence of removal subsequent to conviction. *See id.* at 755–56.

Chavez–Rivera's further contentions, that we should limit *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), to its facts under the doctrine of constitutional doubt, that *Almendarez–Torres* has been overruled, and that § 1326 is unconstitutional, are foreclosed. *See Salazar–Lopez,* 506 F.3d at 751 n. 3.

We deny the government's request for judicial notice as moot.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.